IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD KIMLEY,

    Petitioner,

v.                                     Civil Action No. 1:04CV222
                                                    (STAMP)

WARDEN WENDT,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

On October 13, 2005, the petitioner, Edward Kimley ("Kimley"), appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred this case to United States Magistrate Judge John S. Kaull pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) to recommend disposition of this matter. On December 1, 2004, this Court docketed correspondence from the petitioner dated November 29, 2004 in which the petitioner sought to clarify his original § 2241 petition. On April 1, 2005, Magistrate Judge Kaull filed a report recommending that the § 2241 petition be denied and dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. The petitioner has filed no objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of magistrate judge's recommendation to which objection is made. As to those portions of

a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court reviews the findings in the magistrate judge's report and recommendation for clear error.

In his § 2241 petition, the petitioner objects to the Bureau of Prison's ("BOP") calculation of good conduct time ("GCT") arguing that it violates the unambiguous language in 18 U.S.C. § 3624(b). Specifically, the petitioner argues that pursuant to the BOP's new formula, he will be unlawfully imprisoned for an additional 80 days.

This Court agrees with the magistrate judge that the majority of courts have held that the BOP has properly interpreted the statute to award 54 days of GCT for each year of time served rather than the sentence imposed and to pro rate the amount of GCT for the last partial year. See 28 C.F.R. § 523.20. Specifically, five circuits have determined that the BOP's interpretation of 18 U.S.C. § 3624(b) is reasonable and lawful. See Perez-Olivio v. Chavez, 394 F.3d 45, 49 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Brown v. Hemingway, 53 Fed. Appx. 338 (6th Cir. 2002); Williams v. Lammana 2001 WL 11306069 (6th Cir. 2001). Specifically, this Court agrees with the Sixth Circuit's holding that "[t]he statute clearly states that good conduct time is awarded on the time served by the inmate, not on the time that might potentially be served by the

inmate." Brown at 361.  Further, as the Ninth Circuit recognized, where the BOP's interpretation of § 3624(b) is reasonable, it is entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).

Furthermore, this Court agrees with the magistrate judge that the rule of lenity does not apply because such rule "cannot dictate implausible interpretation of a statute nor one at odds with the general accepted contemporary meaning of a term." Taylor v. United States, 495 U.S. 575, 596 (1990).  As the Pasciuti court recognized, § 3624(b) is not ambiguous when viewed in its entirety, and therefore, the rule of lenity does not apply. Pasciuti, 2004 WL 1247813 at 6.

Because this Court finds that the magistrate judge's report and recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety.  Accordingly, the petitioner's § 2241 petition is DENIED and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the petitioner and to counsel of record herein.

DATED:     May 23, 2005


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE